**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel Supinio CARRILLO, also known as Juan Carrillo, also known as Pedro Cujuy–Elias, Defendant–Appellant.**

**Conference Calendar No. 03–40287.**

United States Court of Appeals, Fifth Circuit.

Oct. 22, 2003.

James Lee Turner, Assistant US Attorney, and David Hill Peck, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Paul G. Hajjar and Aurora Ruth Bearse, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Miguel Supinio Carrillo ("Supinio") appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Supinio argues pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence enhancements, making those provisions unconstitutional. Supinio concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it for possible direct review by the Supreme Court.

Supinio's *Apprendi* argument is foreclosed by *Almendarez–Torres,* 523 U.S. at 235. We must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.